■ In the Matter of POLICE BENEVOLENT ASSOCIATION OF THE CITY OF YONKERS, INC., Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Public Employment Relations Board (PERB) dated December 8, 1978, which, inter alia, held that petitioner had violated subdivision 1 of section 210 of the Civil Service Law. Petition granted, determination annulled, on the law, with costs, and charges dismissed. Police officers of the City of Yonkers conducted two "sickouts", one in April, 1977, the other in June, 1977. Apparently, no charges were brought against individual officers but petitioner Police Benevolent Association of the City of Yonkers, Inc. (PBA) was charged with violation of subdivision 1 of section 210 of the Civil Service Law by counsel to PERB pursuant to section 210 (subd 3, par [c]) of the Civil Service Law. The City of Yonkers took no part in these actions. A hearing was held at which certain testimony was given and exhibits were introduced. Police Deputy Chief Sardo testified that he went to PBA headquarters during the June "sickout" to see how efforts by PBA officers and trustees to get the men back to work were proceeding. Former Police Officer Cipollini, a former PBA officer and member of the executive board, testified to his telephone efforts in both April and June to get the men to return. A letter written by Cipollini to The Herald Statesman, in which he laid out the grievances of the police and asked for public support, was admitted into evidence. The letter was written by Cipollini as an individual; his official title was added to the letter by the newspaper and was then printed in that form. Cipollini testified that the

PBA had not approved the letter. The other relevant evidence consisted of two articles published in *The Herald Statesman*. They quoted certain remarks allegedly made by PBA president, Portanova. In his testimony Officer Portanova denied making the statements. The articles were admitted into evidence as past recollection recorded when the reporter who wrote them was unable to refresh his recollection. The hearing officer recommended dismissal of the charges. PERB did not go along with this recommendation. We reverse on the ground that the finding of a violation of subdivision 1 of section 210 of the Civil Service Law was not supported by substantial evidence. Subdivision 1 of section 210, *inter alia,* prohibits a public employee organization from causing, instigating, encouraging or condoning a strike. The only evidence on which the finding of PBA involvement could be based was the letter and the newspaper articles. The letter was written by Cipollini as an individual. He was not an officer who would normally be entrusted with official correspondence. There was no reason why rank and file PBA members would assume official approbation. As to the newspaper articles, there was a direct denial of the accuracy of the quotations by the person quoted. The articles were admitted as evidence, but the reporter conceded that his work was subject to editing which included additions and deletions from his articles. This is not sufficient to constitute substantial evidence. Rabin, J. P., Cohalan, Margett, and Gibbons, JJ., concur.